# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**MALIBU MEDIA, LLC,**

        **Plaintiff,**

-vs-                                                    Case No.  2:12-cv-266-FtM-29DNF

**JOHN DOES 1-25,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This Cause is before the Court on the following motions:

    1) John Doe #24's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to state a Cause of Action (Doc. 12) filed on July 13, 2012;

    2)  John Doe #6's Motion to Sever Defendants and Quash Subpoena or, Alternatively, Motion for Protective Order (Doc. 13) filed on July 16, 2012;

    3)  John Doe #3's Motion to Dismiss Plaintiff's Complaint for Failure to state a Cause of action, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Quash Third Party Subpoena or, in the Alternative, Motion for Protective Order (Doc. 15) filed on July 16, 2012;

    4)  John Doe #6's Notice of Joinder in John Doe 3's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of action, Motion to Dismiss or Sever Defendants for Improper Joinder,

Motion to Quash Third Party Subpoena or, in the Alternative, Motion for Protective Order (Doc. 16) filed on July 16, 2012;

5) John Doe #25's Motion to Sever, Dismiss, or Issue Protective Order (Doc. 19) filed on July 24, 2012; and,

6) John Doe #18's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to state a Cause of Action (Doc. 21) filed on July 27, 2012.

The Plaintiff, Malibu Media, LLC filed the following in response to the pending motions:

1) Memorandum in Opposition to John Doe 24's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to state a Cause of Action  (Doc. 23) on July 27, 2012;

2)  Memorandum in Opposition to John Doe 6's Motion to Sever Defendants and Quash Subpoena or, Alternatively, Motion for Protective Order (Doc. 25) on July 30, 2012;

3)  Memorandum in Opposition to John Doe 3's Motion to Dismiss Plaintiff's Complaint for Failure to state a Cause of action, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Quash Third Party Subpoena or, in the Alternative, Motion for Protective Order (Doc. 26) filed on July 30, 2012;

4) Memorandum in Opposition to John Doe 25's Motion to Sever, Dismiss, or Issue Protective Order (Doc. 27) filed on August 6, 2012; and,

5) Memorandum in Opposition to John Doe 18's Special Appearance Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, and Motion to Dismiss for Failure to State a Cause of Action (Doc. 28) filed on August 10, 2012.

These matters were referred to this Court. Many of the arguments raised by each Doe Defendant were raised by other Doe Defendants as well. The Court will address all of the arguments raised by the Doe Defendants even if not raised by each and every Doe Defendant.

**I. Background**

On May 15, 2012, the Plaintiff filed a Complaint for Copyright Infringement (Doc. 1) against thirty-five (25) John Doe Defendants (hereinafter "Defendants" or "Doe Defendants") alleging direct copyright infringement in violation of 17 U.S.C. ¶¶106 and 501; and contributory copyright infringement. (Com.[1] ¶4).

The Plaintiff alleges that the acts of copyright infringement occurred using Internet Protocol ("IP") addresses, and each IP address was traced to a physical address located within the Middle District of Florida. (Com. ¶6). The Plaintiff claims that each Defendant committed the tortious conduct set forth in the Complaint in the Middle District of Florida, and that each Defendant resides in the Middle District of Florida, or has engaged in continued and systematic business activity in the Middle District of Florida. (Com. ¶6). The Plaintiff contends that each Defendant was properly joined because each of the Defendants is jointly and severally liable for the infringing activities and each of the Defendants' activities was part of a series of transactions involving the same torrent file

---

[1] "Com." refers to the Complaint (Doc. 1).

which contained pieces of Plaintiff's copyrighted work, and the infringing activity occurred when the Defendants acted in concert with each other. (Com. ¶12).

The Plaintiff has obtained the registration for or has applied to obtain the registration for 26 of the 107 movies (the "Work") contain in the siterrip[2] with the United States Copyright Office. (Com. ¶13). The Plaintiff claims that each of the defendants' infringements occurred after the date of each registration. (Doc. 15).

The Plaintiff alleges that each Defendant installed a Bit Torrent Client into his or her computer. (Com. ¶18). The Plaintiff defines a "BitTorrent" as "one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data." (Com. ¶16). The BitTorrent protocol allows a large file to be distributed "without creating a heavy load on the source computer and network." (Com. ¶17). "[R]ather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a 'swarm' of host computers to download and upload from each other simultaneously (one computer connected to numerous computers)." (Com. ¶17). The Plaintiff explains that once the BitTorrent protocol is installed (and these software programs can be downloaded from the internet), the BitTorrent "'Client' serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol." (Com. ¶19, 20).

The Plaintiff asserts that the Defendants uploaded a new file known as an "initial seeder" and started by creating a "torrent" descripter using the Client he or she installed. (Com. ¶21). The Client

---

[2] The Plaintiff contends that each of the Defendants copied and distributed most of a website containing 107 movies known as a "siterip." (Com. ¶2). The Plaintiff asserts that the website is so large that the Defendants' computers worked collaboratively with each other for weeks or month to effectuate a complete download and redistribution of the subject website. (Com. ¶2).

"takes the target computer file, the 'initial seed,' here the subject website containing the copyrighted Works, and divides it into groups of bits known as 'pieces.'" (Com. ¶22). The Client then gives each one of the computer file's pieces, pieces of the Works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers. (Com. ¶23). When another peer receives a piece, the hash identifiers are compared to test that they are error-free. (Com. ¶24). "In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted." (Com. ¶24).

The Torrent files have an "announce" section which specifies a URL (Uniform Resource Locator) of a "tracker". (Com. ¶25). The "tracker" is a computer or set of computers that a torrent file specifies and the torrent file then provides peers with the URL. (Com. ¶26). The tracker computer or computers direct a peer user's computer to other peer users' computers that have a particular piece of the file. (Com. ¶27). Torrent sites are websites that index torrent files that are available for copying and distribution through a BitTorrent protocol. (Com. ¶29). The Plaintiff alleges that each Defendant went to a torrent site and uploaded or downloaded the Work. (Com. ¶30). Once the initial seeder creates a torrent and uploads it to one or more torrent sites, then other peers can upload or download the computer file, in this case the Works using the BitTorrent protocol and Bit Torrent Client. (Com. ¶31). The BitTorrent protocol causes the initial seed's computer to send pieces of the file to peers seeking to download it. (Com. ¶32). Once a peer receives a piece of the file (here the Works), then it starts transmitting that piece to other peers. (Com. ¶33). All of the peers and seeders working together are called a "swarm." (Com. ¶34).

In this case, the Plaintiff alleges that each Defendant was a peer member in the same swarm and directly communicated with other members of the swarm through their computers uploading and

downloading transmissions. (Com. ¶35). Once the peer receives all of the pieces of the file, the BitTorrent Client reassembles the pieces and the peer is able to view the Works. (Com. ¶37).

The Plaintiff hired IPP, Limited to determine the IP addresses of the people using the BitTorrent protocol to reproduce, distribute, display or perform the Work. (Com. ¶38). IPP, Limited located the IP addresses associated with the peer-to-peer network, determined the unique hash value, and from this information the Plaintiff determined the IP addresses of the Defendants who allegedly participated in the infringement of the copyrighted work. (Com. ¶39-40). The Plaintiff learned that each of the Defendants' computers identified by their IP addresses were located in this District and transmitted a full copy or portion thereof of the digital media identified by the unique hash number. (Com. ¶41-42). IPP Limited also analyzed each BitTorrent piece distributed and verified that each IP address re-assembled the pieces using a BitTorrent Client. (Com. ¶43). In Count I, the Plaintiff alleges Direct Infringement against the Defendants, and in Count II the Plaintiff alleges Contributory Infringement against the Defendants.

The Plaintiff filed its Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. 5) on May 29, 2012, requesting that the Court allow it to serve subpoenas on ISPs to obtain the names, addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses for the Doe Defendants. The Court entered an Order (Doc. 6) on May 30, 2012 allowing the subpoenas to be served.

**II. Analysis**

The Defendants are requesting that the Court quash the subpoenas, enter a protective order, sever the Defendants or find that the Defendants were misjoined, and dismiss this action for failure

to state a claim. The Plaintiff argues that the subpoenas should not be quashed, the Defendants fail to show good cause to obtain a protective order, and that the Defendants are properly joined.

### A. Quash Subpoenas

The Doe Defendants are requesting that the Court quash the subpoenas issued to the ISPs in this case. The Doe Defendants specifically raise the issue regarding lack of personal jurisdiction. The Plaintiff asserts that by relying on geolocation software that identified the likely geographical locations of IP Addresses, the Plaintiff has set forth a *prima facie* case for personal jurisdiction. jurisdiction and misstates its pleading obligation." *Id*.

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so the court's decision will bind them. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1882) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171-172 (1938) and *Thompson v. Whitman*, 85 U.S. 457, 21 L.Ed. 897 (1874)). Personal jurisdiction flows from the Due Process Clause which protects "an individual liberty interest." *Id*. "Thus, the test for personal jurisdiction requires that the maintenance of the suit . . . not offend traditional notions of fair play and substantial justice." *Id*. (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (internal quotation marks omitted). Personal jurisdiction restricts a court's judicial power "not as a matter of sovereignty, but as a matter of individual liberty." *Baragona v. Kuwait & Gulf Link Transportation Co.*, 691 F. Supp.2d 1351, 1358 (N.D. Ga. 2009) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). Personal

jurisdiction is an essential element of jurisdiction of a federal district court and without personal jurisdiction the counsel "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999) (citing *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937) (internal quotation marks omitted)). Generally, courts should address issues relating to personal jurisdiction prior to adjudicating issues on the merits. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted).

In cases where jurisdiction is based upon federal question arising under a statute that is silent as to service of process, which is the statute in the instant case, courts employ a two-step process to determine whether personal jurisdiction is satisfied. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007), and *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d 623, 626-627 (11th Cir. 1996) (citing *Cable/Home Commc'n v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)). First the Court must determine if the exercise of jurisdiction is appropriate under Florida's long-arm statute, and second the Court must examine whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment which requires that a defendant have minimum contacts with the forum state, and that exercise of jurisdiction not offend traditional notions of fair play and substantial justice. *Id*. The burden in on the plaintiff to establish a prima facie case of personal jurisdiction over nonresident defendants. *Consolidated Dev. Corp. v. Sherritt, Inc.* 216 F.3d 1286, 1291 (11th Cir. 2000). Vague and conclusory allegations are not sufficient to subject a defendant to personal jurisdiction of a court. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (citing *Posner v. Essex Ins. Co. Ltd.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999)).

The Plaintiff alleges two claims of copyright infringement. The allegations relating to personal jurisdiction are that the IP addresses of the alleged infringers were traced to a physical

address located within this District. (Com. ¶6). The Plaintiff further alleges that the Court has personal jurisdiction over each Defendant because they committed the tortious conduct in the Middle District of Florida, and each Defendant either resides here or "has engaged in continuous and systematic business activity, or has contracted anywhere to supply goods or services in the Middle District of Florida." (Com. ¶6). These allegations are sufficient to allege personal jurisdiction in this case. Therefore, the Court will not quash the subpoenas based on personal jurisdiction issues.

The Doe Defendants also argue that the information the subpoena will provide is the identity of the individual that is the account owner for a certain IP address but will not lead to the actual person who illegally downloaded the Work.

Rule 45 governs a motion to quash a subpoena and provides that, "[o]n a timely motion, **the issuing court**" must or may quash or modify a subpoena that falls withing certain parameters. FED. R. CIV. P. 45(c)(3)(A) and (B) (emphasis added). In the instant case, the issuing courts were the Northern District of Texas for the Verizon Internet Services ("Verizon") and the District of New Jersey for the Comcast Corporation ("Comcast")[3]. (See, Docs. 12-1, 15-1). The Middle District of Florida was not the issuing court for these subpoenas. Neither Verizon nor Comcast are subject to this Court's jurisdiction. *See, Howard v. Hartford Life and Acc. Ins. Co.*, 2011 WL 2533800, *8 (M.D. Fla. June 27, 2011). These subpoenas were issued to Verizon and Comcast where their authorized agents are located, and the Court lacks authority to quash the subpoenas pursuant to Rule 45. *See, AF Holding, LLC v. Does 1-162,* 2012 WL 488217, * 3 (S.D. Fla. Feb. 14, 2012), and *Boy Racer, Inc. v.*

---

[3] John Doe #18 appears to have Road Runner as an ISP, but failed to attach the subpoena. (See, Exh. 1 to the Complaint indicating that John Doe #18 uses Road Runner). The Court assumes based on a cursory internet search that Road Runner is not located in the Middle District of Florida.

*John Does 1-34*, 2012 WL 1535703, *3 (S.D. Fla. May 1, 2012) (citations omitted).  Therefore, the Court recommends that the motions to quash be denied.

### B. Protective Order

The Defendants assert that the Court should issue a protective order limiting the disclosure of the Doe Defendants' personal identifying information also arguing that the personal identifying information is not relevant to the issue of the individual who actually downloaded the Works illegally. The subpoenas requested that the ISPs provide the name, address, and telephone number of the John Does associated with certain IP Addresses.  The Plaintiff responds that the Defendants failed to state with specificity what type of protective order they are seeking, and a protective order is not warranted.

Pursuant to Fed. R. Civ. P. 26, a court is permitted to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).  A party does not have standing to object to a non-party subpoena on the basis that it is burdensome, oppressive or is overly broad.  *Klima v. Carnival Corp.*, 2009 WL 1066969, *2 (S.D. Fla. April 21, 2009) (citations omitted). ]

The Defendants argue that even though the subpoenas were not issued to them they have standing to contest the subpoenas because the information sought is not relevant. A party may request a protective order for a subpoena to a non-party if the subpoena seeks materials that are not relevant. *Nathai v. Florida Detroit Diesel-Allison, Inc.*, 2009 WL 2424570, *1 (M.D. Fla. Aug. 5, 2009) (citing *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).  The burden is on the party seeking a protective order and the party must show good cause.  *Id.* (citations omitted).

> Pursuant to Fed.R.Civ.P. 26(b)(1),
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense of any party – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The purpose of discovery is to require disclosure of relevant information so that the resolution of the civil action is based upon a full and accurate understanding of the facts. *Anglin v. Maxim Healthcare Services, Inc.*, 2009 WL 928305, *2 (M.D. Fla. April 2, 2009) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). When the discovery requested appears relevant on its face, then the party objecting to the discovery based upon relevance has the burden to show the requested discovery is not relevant. *Unlimited Resources, Inc. v. Deployed Resources, LLC*, 2009 WL 212188 at 3 (M.D. Fla. Jan. 29, 2009). The scope of discovery is broad, however, the information must be relevant to a claim or defense, but need not be admissible at trial. *Anglin*, 2009 WL 928305 at *2(citations omitted).

The Defendants have failed to show that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff has no other way to discover the identities of the putuative Defendants other than by serving subpoenas on Comcast and Verizon, the ISPs. This information is essential to the prosecution of this litigation and is reasonably calculated to lead to the identities of the alleged infringers. Therefore, the Court is persuaded that the information is relevant in this case.

The Defendants assert that the information requested is personal or private to them and should not be disclosed. Further, some of the Doe Defendants argue that the release of their names which will be associated with pornography is embarrassing. A party does have standing to challenge a subpoena when the subpoena requests documents in which the party has a "personal right or privilege." *Klima v. Carnival Corp.*, 2009 WL 1066969, *2 (S.D. Fla. April 21, 2009) (citations omitted). The information that the Plaintiff is seeking was freely provided to ISPs and "[a]s courts have routinely held, 'Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers].'" *AF Holdings, LLC v. Does 1-162*, 2012 WL 488217, *4 (S.D. Fla. Feb. 14, 2012) (quoting *Doe v. S.E.C.*, 2011 WL 4593181, at *3 (N.D. Cal. Oct. 4, 2011)) (remaining citations omitted)). "'Additionally, an individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement.'" *Id*. (quoting *First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177 at *1 (S.D. Ind. Sep. 13, 2011)). The Defendants' need to protect their names, addresses and telephone numbers is outweighed by the Plaintiff's need to obtain the information to prosecute this case. *Id*. at *4. The Court does not find merit in the Defendants' argument concerning embarrassment or a possible fishing expedition by the Plaintiff. Other courts have held that the potential embarrassment that the Defendants may face if their names are released and associated with this type of case is not grounds to allow them to proceed anonymously. *Id*. (citations omitted). Therefore, the Court finds that the Defendants have not met

their burden to show standing for the Court to issue a protective order. The Court recommends that the motions for protective order be denied. [4]

The Court is mindful of the Doe Defendants concerns that there is a possibility that some of the Doe Defendants are innocent customers and their IP addresses or wireless network may have been used by others to download the Work. The Court reviewed the Order (Doc. 25) entered on July 6, 2012 in Case No. 8:12-cv-699-T-23AEP by the Honorable Anthony E. Porcelli, United States Magistrate Judge concerning the same Plaintiff as in the instant case. Judge Porcelli noted that FED. R. CIV. P. 11. provides for procedural safeguards to ensure that the Plaintiff proceeds in good. (See, Order, Doc. 25, p.7). In that case, the Plaintiff "was amendable to keeping the names of the John Doe Defendants confidential in an effort to engage in good-faith discussions prior to identifying a John Doe Defendant as a named defendant in the lawsuit." (Doc. 25, p. 7-8, in Case No. 8:12-cv-699-T-AEP). The Court recommends that the Plaintiff follow this procedure in this case as well.

### C. Sever and Dismiss

The Defendants raise the issues of sever or misjoinder and various bases to dismiss the Complaint. The Doe Defendants have not been served with process. These arguments are premature. After the Doe Defendants have been served, they may raised these issues. *See, AF Holdings, LLC v. Does 1-162*, 2012 WL 488217, *4 (S.D. Fla. Feb. 14, 2012). Therefore, the Court recommends that the motions to sever, for misjoinder and to dismiss be denied as premature.

---

[4] John Doe #25 raises the argument that the Plaintiff relied on a private investigator who was not licensed in the State of Florida to obtain the information concerning the IP addresses in this case. (See, doc. 19). The Plaintiff requests that the Court "take note" and it is so noted. (See, Doc. 19, p. 16).

### III. Conclusion

The Court respectfully recommends:

1) John Doe #24's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to state a Cause of Action (Doc. 12) be **DENIED**.

2) John Doe #6's Motion to Sever Defendants and Quash Subpoena or, Alternatively, Motion for Protective Order (Doc. 13) be **DENIED**.

3) John Doe #3's Motion to Dismiss Plaintiff's Complaint for Failure to state a Cause of action, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Quash Third Party Subpoena or, in the Alternative, Motion for Protective Order (Doc. 15) be **DENIED**.

4) John Doe #6's Notice of Joinder in John Doe 3's Motion to Dismiss Plaintiff's Complaint for Failure to state a Cause of action, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Quash Third Party Subpoena or, in the Alternative, Motion for Protective Order (Doc. 16) be **GRANTED** to the extent that John Doe #6 is permitted to join John Doe #3's motions, and **DENIED** as to the substance John Doe #3's motions as it applies to John Doe #6.

5) John Doe #25's Motion to Sever, Dismiss, or Issue Protective Order (Doc. 19) be **DENIED**.

6) John Doe #18's Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to state a Cause of Action (Doc. 21) be **DENIED**.

7) Plaintiff be required to notify the Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the Doe Defendant at least fourteen (14) days prior to seeking issuance of a summons from the Clerk for the identified Doe Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __21st__ day of August, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record