```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MALIBU MEDIA LLC,

                Plaintiff,

vs.                                  Case No.  2:12-cv-266-FtM-29DNF

JOHN DOES 1-25,

                Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #30), filed August 21, 2012, recommending that the pending motions to dismiss, quash, for protective order, and/or for improper joinder (Docs. ## 12, 13, 15, 16, 19, 21) be denied and plaintiff be required to notify the Doe Defendants, or his or her counsel if represented, of the intent to name and serve the Doe Defendants prior to seeking the issuance of a summons.  Doe Defendant #6 filed Objections (Doc. #32), Doe 18 filed an Objection (Doc. #33), Doe #24 filed an Objection (Doc. #34), and John Doe 3 filed an Objection (Doc. #35).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The Magistrate Judge recommends that the motions to quash be denied as the issuing court is outside the Middle District of Florida and therefore the motions are not properly before this Court. The Magistrate Judge further recommends that the motions for protective order be denied, but that procedural safeguards be applied to ensure that plaintiff proceeds in good faith. Lastly, the Magistrate Judge recommends that the motions to sever and dismiss be denied as premature.

Doe #6 simply reiterates previously raised arguments, and additionally requests certification to the Eleventh Circuit Court of Appeals for an interlocutory appeal. The Court agrees with the Magistrate Judge and overrules the objections. More specifically, the Court would note that the personal jurisdiction allegations in this case are clearly more specific and narrow than those presented in <u>Nu Image, Inc. v. Does 1-3,932</u>, 2:11-cv-545-FTM-29DNF, 2012 WL 1890632 (M.D. Fla. May 23, 2012), and therefore the argument is rejected. (Doc. #32, p. 9 n.5.) The Court does not find that this "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation", 28 U.S.C. § 1292, and declines to certify an interlocutory appeal. Doe #6 clearly has the ability to file the motion to quash in the proper court, and the remaining issues may be raised after service of process and an appearance in this case, unless Doe #6 elects to waive service of process.

Doe #18 and #24 raise a limited objection to argue that plaintiff is estopped from arguing that Does #18 and #24 do not have standing to challenge the third-party subpoenas. The Court has made no such determination, only that the motion to quash is not properly before <u>this</u> court. Therefore, this objection is overruled at this time. The objections are otherwise overruled as the Court agrees with the Magistrate Judge that the remaining

issues are premature, whether addressed or not, until such time as Doe #18 is served with process and appears in this case.

Doe #3 argues that the allegations in Nu Image are "strikingly similar to those alleged here", and the Court should reach a similar conclusion in this case with regard to personal jurisdiction. The Court disagrees. The allegations as to personal jurisdiction in this case are distinctly more specific and are sufficient at this stage of the proceedings. Therefore, the objection is overruled. The Court agrees that this Court is authorized to control discovery in this case, and did authorize early discovery, however, the Court disagrees that this includes the authority to quash subpoenas issued by another court. The Court agrees that protective measures may be applied in this case, as suggested by the Magistrate Judge, and the remaining objections are overruled as the Court finds that the arguments are premature, whether specifically addressed or not, until such time as defendant appears after service of process or waiver of service of process. As stated above, the Court declines to certify this case for an interlocutory appeal.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge and overrules the objections.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #30) is hereby adopted and the findings incorporated herein.

2. Doe 24's Special Appearance Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to State a Cause of Action (Doc. #12) is **DENIED** without prejudice.

3. Doe Defendant 6's Motion to Sever Defendants and Quash Subpoena or, Alternatively, Motion for Protective Order (Doc. #13) is **DENIED** without prejudice.

4. John Doe 3's Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Quash Third Party Subpoena or, in the Alternative, Motion for Protective Order (Doc. #15) is **DENIED** without prejudice.

5. Defendant John Doe 6's Notice of Joinder (Doc. #16) is **GRANTED** to the extent that John Doe #6 is permitted to join John Doe #3's arguments and is otherwise **DENIED** without prejudice.

6. John Doe 25's Motion to Sever, Dismiss, or Issue Protective Order (Doc. #19) is **DENIED** without prejudice.

7. Doe 18's Special Appearance Motion to Dismiss Party, Motion to Quash Subpoena, Motion for Protective Order, Motion to Sever for Improper Joinder, Motion to Dismiss for Failure to State a Cause of Action (Doc. #21) is **DENIED** without prejudice.

8. Plaintiff shall notify each Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the Doe Defendant at least **fourteen (14) days** prior to seeking issuance of a summons from the Clerk for an identified Doe Defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of September, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties