UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                 Case No: 2:12-cv-00266-JES-DNF

JOHN DOES 1 - 25,

    Defendants.

_____/

**DEFENDANTS', DOE 18 AND DOE 24, OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO SERVE DEFENDANTS WITH A SUMMONS AND COMPLAINT; MOTION TO DISMISS DOE 18 AND DOE 24 FOR PLAINTIFF'S FAILURE TO SERVE PROCESS WITHIN THE TIME PROVIDED IN COURT ORDER DATED NOVEMBER 5, 2012 [Dkt. 51]**

COMES NOW Defendants, Doe 18 and Doe 24, by and through their undersigned counsel, who hereby oppose Plaintiff's Third Motion for Extension of Time Within Which it has to Serve Defendants with a Summons and Complaint ("3rd Motion for Extension"); and hereby file Motion to Dismiss Doe 18 and Doe 24 for Plaintiff's Failure to Serve Process Within the Time Provided in Court Order Dated November 5, 2012 **[Dkt. 51]**.

**PROCEDURAL BACKGROUND**

1. On May 15, 2012, Plaintiff commenced this action.

2. On October 11, 2012, Doe 18 filed a Special Appearance Motion to Dismiss Doe 18 **[Dkt. 44]** and Doe 24 filed a Special Appearance Motion to Dismiss Doe 24 **[Dkt. 43]** for Plaintiff's failure to serve process on these two defendants within the extended deadline that Plaintiff requested and received, and for failing to provide notice of intent to seek

summonses within 14 days prior to the deadline set by this Honorable Court. ("Motions to Dismiss") **[Dkt. 44]** and **[Dkt. 43]** respectively.

3. On October 12, 2012, rather than oppose Defendants' motions, Plaintiff responded by filing its Second Motion for Extension of Time Within Which it has to Serve Defendants with a Summons and Complaint ("2nd Motion for Extension") **[Dkt. 46]** alleging that more time is needed because four (4) out of six (6) unrelated Internet Service Providers (ISPs) responded to Plaintiff's subpoena.  **More specifically, Plaintiff alleged that it was waiting on Comcast Cable and Summit Broadband to respond to its subpoena**. (2nd Motion for Extension ¶ 2 **[Dkt. 46.]**)

4. On October 14, 2012, Doe 18 and Doe 24 each filed an Opposition to Plaintiff's Second Motion for Extension of Time ( **[Dkt. 49]** and **[Dkt. 48]** respectively) showing that Plaintiff's **allegation that it was waiting on Comcast and Summit to be false and misleading, as it undisputed that neither Doe 18 nor Doe 24 subscribe to Comcast or Summit for Internet services.** Doe 18's ISP is Brighthouse Networks (Doe 18's Special Appearance, etc. ¶ 5) **[Dkt. 21]**; Doe 24's ISP is Verizon Internet Services (Doe 24's Special Appearance, etc. ¶ 5) **[Dkt. 12]**. Thus, the grounds alleged by MALIBU MEDIA, LLC for its failure to seek summonses and serve process did not relate to Does 18 and 24, but were caused by Plaintiff's own negligence.

5. On October 25, 2012, MALIBU MEDIA, LLC filed Plaintiff's Memorandum in Opposition to Special Appearance Motion to Dismiss Doe 24 [Dkt. 43] **[Dkt. 49]** and Plaintiff's Memorandum in Opposition to Special Appearance Motion to Dismiss Doe 18 [Dkt. 44] **[Dkt. 50].**

6. On November 5, 2012, this Court entered its Order **[Dkt. 51]** on Plaintiff's Second Motion for Extension for Time Within Which it has to Serve Defendants with a Summons and Complaint **[Dkt 46]** ruling that:

> **The Plaintiff shall have until November 12, 2012 in which to serve the Defendants. No further extension for service will be granted absent good cause shown for each Defendant.**

Order, 2 (Nov. 5, 2012) **[Dkt. 51]**.

7. Despite Doe 18 and Doe 24's arguments made (**[Dkt. 44]** and [**Dkt. 43**]) this Honorable Court entered its Order (**[Dkt. 51]**) on November 5, 2012, granting Plaintiff's 2nd Motion for Extension **([Dkt 46]), thus rendering moot** Doe 18's Special Appearance Motion to Dismiss Doe 18 [for Lack of Service] **[Dkt. 44]**; and Doe 24's Special Appearance Motion to Dismiss Doe 24 [for Lack of Service] **[Dkt. 43]**. Likewise, the Order (**[Dkt. 51]**) **rendered moot** Doe 18 and Doe 24's Oppositions to Plaintiff's Second Motion for Extension of Time [Dkt. 44] (**[Dkt. 48]** and **[Dkt. 48]** respectively); **and rendered moot** Plaintiff's Memorandum in Opposition to Special Appearance Motion to Dismiss Doe 18 [Dkt. 43] (**[Dkt. 50])**; and Plaintiff's Memorandum in Opposition to Special Appearance Motion to Dismiss Doe 24 [Dkt. 43] (**[Dkt. 49]**).

8. Plaintiff, on its own volition, chose to join twenty-five (25) unrelated defendants and to subpoena six (6) unrelated ISPs in this one action, to-wit: 1) Comcast Cable 2) Bright House Networks 3) Embarq Corporation 4) Road Runner 5) Summit Broadband and 6) Verizon Internet Services. (2nd Motion for Extension ¶ 4.)

**PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO SERVE DEFENDANTS WITH A SUMMONS AND COMPLAINT**

9. Plaintiff alleges that as of November 13, 2012, it, "has yet to receive John Does 18's information." (3rd Motion for Extension ¶ 2.) Doe 18's ISP subpoenas are processed through

from Neustar, Inc., as servicing agent for Brighthouse Networks.  (Doe 18's Special Appearance, etc. ¶ 5 **[Dkt. 21])._** **Plaintiff's current cause for non-service is in direct contradiction to its allegations made in its 2nd Motion for Extension of Time, wherein Plaintiff claims that that its failure to comply with Rule 4 was that it has received responses from four out of six ISPs, including Neustar/Brighthouse, but "has yet to receive a response from Summit and Comcast."**  (2nd Motion for Extension ¶¶ 2-4.)

10. Plaintiff also attempts to show cause by misrepresenting that its failure to serve process is the result of Doe 18 having "filed a Motion to Dismiss which is currently pending before the Court [Dkt.44]" (3rd Motion for Extension ¶ 3) and that "John Doe 24 has also filed a Motion to Dismiss which remains pending before the Court [Dkt. 43]" (3rd Motion for Extension ¶ 4). Whereas, on the contrary (as more fully articulated in Paragraph 7 above) Doe 18 and Doe 24's Motions to Dismiss (**[Dkt. 44]** and [**Dkt. 43]** respectively) were unequivocally rendered moot by operation of this Court's November 5, 2012 Order (**[Dkt. 51]**) granting Plaintiff's 2nd Motion for Extension **([Dkt 46])**.

11. Plaintiff also attempts to show cause for not timely serving Doe 24, notwithstanding its admission against interest that, "Plaintiff is in possession of the identity for John Doe[s] 24" (3rd Motion for Extension ¶ 5) on the grounds that Doe 24's legal counsel stated, "that they will withhold John Doe 24's exculpatory evidence until after the Court enters a ruling on Doe 24's pending Motion to Dismiss (3rd Motion for Extension ¶ 6).

12. First, as previously stated, Doe 24's pending Motion to Dismiss was rendered moot on November 5, 2012.

13. Second, since November 5, 2012, no additional request for Doe 24's exculpatory information has been made by Plaintiff and none is required prior to effectuating service of process.

14. Third, to the extent that Plaintiff grounds good cause on the allegation that, "Without John does 24's exculpatory evidence, Plaintiff cannot properly determine whether it should serve John Doe 24 or dismiss its claims against the Defendant." (3rd Motion for Extension ¶ 6.)  Not only should this consideration have been made much earlier in the process, but it provides no excusable neglect whatsoever to not serve process on a named defendant who has been put to the burden of defending against the aggressive litigation, at considerable costs, following Doe 24's identity being obtained through operation of this Court's generous granting of Plaintiff's Motion for Early Discovery Prior to the Rule 26(f) conference.

15. The excuses purported by Plaintiff in its 3rd Motion for Extension do not establish good cause, they are misleading and inaccurate, and do not form a sufficient basis to warrant a third extension of time, which therefore must be denied.  The function of this Honorable Court is not to provide MALIBU MEDIA, LLC, all of the time it needs to promote settlement with unnamed defendants while the innocent defend their rights at a cost.

### MOTION TO DISMISS DOE 18 AND DOE 24 FOR PLAINTIFF'S FAILURE TO SERVE PROCESS WITHIN THE TIME PROVIDED IN COURT ORDER DATED NOVEMBER 5, 2012 [Dkt. 51]

16. Plaintiff fails to show or even allege good cause for failing to serve Does 18 and 24 within the first 120 days of filing suit (nor to request summonses 14 days prior to the next deadline) nor to serve process within the first 30-day extension, nor the second 30-day extension granted by this Honorable Court, which ran on November 12, 2012.

17. Plaintiff did not file an affidavit in support of its 3rd Motion for Extension.

18. Plaintiff's 3rd Motion for Extension under Rule 12(b)(5) must be denied as to Does 18 and Doe 24, as the Plaintiff, within three timeframes (180 days) failed to serve a copy of the summons and complaint on Does 18 and 24, as required under Rule 4 of the Federal Rules of Civil

Procedure and has failed to show or even allege good cause for such lack of diligence, presumptively caused by its inability to handle the excessive case load it has subjected itself to.

## MEMORANDUM OF LAW

Plaintiff is estopped from moving for a third extension of time on its stated grounds. The fact is that MALIBU MEDIA, LLC has overwhelmed itself, the court, and several ISPs by filing mass-joinder, Doe-defendant lawsuits and serving a multitude of subpoenas on various ISPs all across the nation at or near the same time. (*See* Comcast's Memorandum in Opposition to Plaintiff's Motion for Order to Show Cause, *AF Holdings LLC v. Comcast Cable Communications LLC,* Case No. 1:12-cv-03516 (Dkt. 11) (June 14, 2012); *also see* Non-Party Comcast Cable Communications, LLC's Motion to Quash Subpoena and Vacate Order Granting Plaintiff's Motion for Leave to take Early Discovery, ¶ 7 (March 12, 2012), *Lightspeed Media Corp. v. John Doe*, No. 11-L-683, 20th Judicial Circuit (St. Clair County, IL 2011) (cumulatively, "the Comcast Filings").

Likewise, MALIBU MEDIA, LLC is estopped from moving for a third extension of time for having overwhelmed the federal court system, for the same reasons stated in the paragraph immediately above, under a one-filing-fee-per-mass-joinder financial model. **It has become self-evident that mass joinder is inappropriate and unmanageable under the present circumstances.**

A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m). Fed.R.Civ.P. 4(c)(1). *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint. Fed.R.Civ.P. 4(m). *Id.* at 1281. By placing time limits on service, "Congress balanced the possible loss of a

litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits." *Townsel v. County of Contra Costa*, 820 F.2d 319, 321 (9th Cir. 1987). "The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

If the plaintiff fails to properly serve the defendant, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). *Lepone-Dempsey*, 476 F.3d at 1281. Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (citing *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (discussing "good cause" under the former Rule 4(j)), *superseded in part by rule as stated in Horenkamp,* 402 F.3d at 1132 n. 2.)

Even in the absence of good cause, a district court has the discretion to extend the time for service of process. *Horenkamp,* 402 F.3d at 1132; *see Henderson v. United States,* 116 S.Ct. 1638, 1643 (1996) (recognizing that in the 1993 amendments to the rules, courts have been accorded the discretion to enlarge the 120-day period even in the absence of showing good cause). However, Plaintiff has not alleged diligence in its efforts to serve process on Does 18 and 24, nor even attempted to show diligence by affidavit. Plaintiff complains that its failure to comply with Rule 4 is the fault of 2 out of 6 ISPs (Comcast and Summit) (2nd Motion for Extension ¶¶ 2-4.) Neither Comcast nor Summit provides Does 18 and 24 with Internet services. (Doe 18's Motion to Special Appearance, etc. ¶ 5) **[Dkt. 21]**; Doe 24's ISP is Verizon Internet Services (Doe 24's Special Appearance, etc. ¶ 5) **[Dkt. 12]**. Plaintiff's failure to timely serve

these two defendants was not the fault of some outside factor; rather, its failure is due to Plaintiffs' own negligence. *See Prisco,* 929 F.2d at 604.

## CONCLUSION

This Court's Order dated November 5, 2012 is clear. "The Plaintiff shall have until November 12, 2012 in which to serve the Defendants. No further extension for service will be granted absent good cause shown for each Defendant." Order, 2, **[Dkt. 51].** Plaintiff, MALIBU MEDIA, LLC, has notoriously overwhelmed several ISPs by filing mass joinder Doe-defendant lawsuits, relying on multiple subpoenas served upon various ISPs, joined with other ISPs, joined with multiple unidentified defendants, all across the nation, at or near the same time. (*See* the Comcast Filings, *supra*.) Plaintiff's mass, unrelated joinder weighs against any further allowance of additional time due to the manner of suit chosen by the Plaintiff. Equity dictates that Plaintiff is estopped from moving for a third extension of time on this basis alone.

Moreover, the alleged failure to comply with the Court's previously granted extensions of time in no logical way relate to Doe 18 and Doe 24, leaving the only conclusion to be that Plaintiff's continuous failure to meet these extended deadlines is caused by its own negligence or shortsightedness. *Lepone-Dempsey*, 476 F.3d at 1281. The role of the Court is not to allow a plaintiff all the time it may need to serve every single defendant named, but to, "balance the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits." *Townsel v. County of Contra Costa*, 820 F.2d at 321 ("By providing that district courts 'shall' dismiss a complaint served over 120 days after its filing unless ... good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case." *Id.*)

One hundred-eighty (180) days has run since the filing of Plaintiff's Complaint, and, without amendment thereto. Denial of Plaintiff's Third Motion for Extension of Time Within Which it has to serve Defendants with a Summons and Complaint is proper under these circumstances. Likewise, dismissal of Doe 18 and Doe 24 is warranted at this time and therefore should be granted.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties receiving electronic notification via the Court's CM/ECF system as of November 15, 2012.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**
By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel: (850) 219-8888
Fax: (866) 829-8174
E-Mail: william@wohlsifer.com