# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**MALIBU MEDIA LLC,**

        **Plaintiff,**

-vs-                                            **Case No. 2:12-cv-266-FtM-29DNF**

**JOHN DOES 18, 24, and 25,**

        **Defendants.**

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **THIRD MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO SERVE DEFENDANTS WITH A SUMMONS AND COMPLAINT (Doc. No. 52)** |
| **FILED:** | **November 13, 2012** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Plaintiff, Malibu Media, LLC is requesting additional time to serve John Doe #18, 24 and 25. In the Order (Doc. 51) entered on November 5, 2012 on the Second Motion for Extension of Time Within Which it Has to Serve (Doc. 46), the Court granted a second extension of time to serve but required the Plaintiff to show good cause for any further extensions of time. Pursuant to FED. R. CIV. P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period." The Plaintiff asserts that the ISP will not provide identifying information for John Doe #18 until the pending Motion to Dismiss is determined, therefore, the Plaintiff is unable to serve John Doe #18. The Plaintiff asserts that it has identifying information for John Doe #24 but counsel for John Doe 24 is withholding exculpatory evidence until the pending Motion to Dismiss is determined. The Plaintiff asserts that it recently received exculpatory information for John Doe #25, and is reviewing it to determine the correct party to name and serve. The Court finds that the Plaintiff has shown good cause to extend the deadline to serve, however, the Court will not extend the deadline any further.

In the Oppositions (Docs. 54 and 55), John Doe # 18 and #24 assert that the Order (Doc. 51) rendered the pending Motion to Dismiss Doe #18 (Doc. 44) and the Motion to Dismiss Doe #24 (Doc. 43) moot. Therefore, the Court will deny John Doe #18 and 24's Motions to Dismiss (Docs. 43 and 44) as moot.

**IT IS FURTHER ORDERED:**

1) The Plaintiff shall have until January 10, 2013 in which to serve John Does #18, 24 and 25. No further extensions will be granted.

2) The Special Appearance Motion to Dismiss Doe 24 (Doc. 43) is **DENIED as moot.**

3) The Special Appearance Motion to Dismiss Doe 18 (doc. 44) is **DENIED as moot.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this ___12th___ day of December, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record